IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIOLET GOODWIN, | ) | 8:10CV40 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| REGGIE JOHNSON (Omaha | ) | |
| Housing Authority), | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on January 29, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on January 29, 2010, against Defendant Reggie Johnson of the Omaha Housing Authority ("OHA"). (Filing No. 1 at CM/ECF p. 1.) Summarized, Plaintiff alleges that Defendant violated the Privacy Act and the Civil Rights Act because he "illegally" obtained her "mother's financial information depicting where said mother had assisted plaintiff in obtaining a vehicle." (Filing No. 1 at CM/ECF p. 1.) Plaintiff requests monetary damages in the amount of $500,000. (*Id.*)

II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Due Process Claim Against Defendant

The court liberally construes Plaintiff's Complaint to allege a due process claim against Defendant. (Filing No. 1 at CM/ECF p. 1.) However, Plaintiff did not specify whether she is suing Defendant in his official or personal capacity, and the court therefor construes her suit as being against Defendant in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that absent an express statement that defendant public servants are being sued in their individual capacity, § 1983 suits will be construed as being against defendants in their official capacity). A suit against Defendant in his official capacity is merely a suit against his public employer, the Omaha Housing Authority. *See id.* As such, the claim against Johnson is a claim against the City of Omaha.

As a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's

constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by OHA's employees, or that OHA's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" her claims against OHA across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend her Complaint to sufficiently allege a claim against OHA in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to

3

consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Due Process claim against OHA will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Plaintiff's Privacy Act Claim

Plaintiff alleges Defendant violated the Privacy Act by "illegally" obtaining her "mother's financial information depicting where said mother had assisted plaintiff in obtaining a vehicle." (Filing No. 1 at CM/ECF p. 1.) The Privacy Act of 1974 regulates the collection and use of records by federal agencies. 5 U.S.C. § 552a. Liberally construed, Plaintiff's complaint implicates Section 552a(e)(2) of the Act. Section 552a(e)(2) requires government departments that maintain a "system of records" to "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under federal programs." 5 U.S.C. § 552a(e)(2).

To state a claim under section 552a(e)(2), a plaintiff must allege that a defendant failed to elicit information from the plaintiff "to the greatest extent practicable," and the defendant's violation had an adverse impact on her. *See Hudson v. Reno*, 130 F.3d 1193, 1204-05 (6th Cir.1997), *cert. denied*, 525 U.S. 822 (1998), *overruled in part on other grounds*, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001). In addition, to recover damages under the Privacy Act, the plaintiff must allege that the agency "acted in a manner that was intentional or willful." 5 U.S.C. § 552a(g)(4); *Britt v. Naval Investigative Serv.*, 886 F.2d 544, 551 (3d Cir. 1989).

As set forth above, Plaintiff did not specify whether she is suing Defendant in his official or personal capacity, and so the court has construed her suit as being against Defendant in his official capacity only. However, even if Plaintiff had sued

Plaintiff in his personal capacity, it is clear that the Privacy Act's civil remedy provisions do not apply to private individuals. *See Dittman v. State of California,* 191 F.3d 1020, 1026 (9th Cir. 1999) ("The civil remedy provisions of the Privacy Act do not apply against private individuals, state agencies, private entities, or state and local officials." (citations omitted)). That said, it is unclear whether the Privacy Act applies to OHA.[1] Even if the court assumes that the Privacy Act does apply, Plaintiff has not alleged that OHA failed to elicit information from her to the greatest extent practicable, or that OHA's violation adversely impacted her. In light of this, Plaintiff has failed to allege sufficient facts to "nudge" her Privacy Act claim against OHA across the line from conceivable to plausible. However, as with Plaintiff's Due Process claim, the court will permit Plaintiff 30 days in which to amend her Complaint to sufficiently allege a Privacy Act claim. Again, any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Privacy Act Claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    **C.    State Law Claims**

Liberally construing the Complaint, Plaintiff may also have state law claims against Defendant. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims. In the event that Plaintiff abandons or fails to amend her Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.

---

[1]*See, e.g., McColm v. San Francisco Housing Authority,* No. C. 02-5810 PJH, 2007 WL 1575883, *13-14 (N.D. Cal. May 29, 2007) (questioning whether the Privacy Act applied to the San Francisco Housing Authority).

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **May 14, 2010**, to amend her Complaint and clearly state a claim upon which relief may be granted against Defendant, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 14, 2010**.

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 14th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6